# Exhibit B



Circuit Court for Prince George's County
Clerk Of The Circuit Court
Courthouse
Upper Marlboro, Md. 20772-9987
MD Relay Service Voice/ TDD
1-800-735-2258

Case No.: CAL22-21998

Other Reference No.(s): ..................................

Child Support Enforcement Number: ..................................

Date issued: August 2, 2022

To: Think Computer Corporation
Sv: Aaron J. Greenspan, R/A
340 Lemon Ave, #6720
Walnut, CA 91789

# WRIT OF SUMMONS

You are hereby summoned to file a written response by pleading or motion, within 60 days after service of this summons upon you, in this Court, to the attached complaint filed by:

JOE JOHNSON
POST OFFICE BOX 441572
FORT WASHINGTON, MD 20749

This summons is effective for service only if served within 60 days after the date it is issued.

*Mahasin El Amin*
Clerk of the Circuit Court  #356

To the person summoned:
  Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.
  Personal attendance in court on the day named is NOT required.

Instructions for Service:

1. This summons is effective for service only if served within 60 days after the date issued. If it is not served within the 60 days, the plaintiff must send a written request to have it renewed.

2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.

3. Return of served or unserved process shall be made promptly and in accordance with Maryland Rule 2-126.

4. If this notice is served by private process, process server shall file a separate affidavit as required by Maryland Rule 2-126(a).

# SHERIFF'S RETURN

Circuit Court for Prince George's County

To: _____

Sheriff fee: _____ By: _____

Served: _____

Time: _____ Date: _____

Unserved (Reason): _____

With the following:

- ☐ Summons
- ☐ Complaint
- ☐ Motions
- ☐ Petition and Show Cause Order
- ☐ Counter Complaint
- ☐ Domestic Case Information Report
- ☐ Financial Statement
- ☐ Other: _____
  **(please specify)**

Was unable to serve because:

- ☐ Moved; left no forwarding address
- ☐ Address not in Jurisdiction
- ☐ No such address
- ☐ Other: _____
  **(please specify)**

Sheriff Fee: $_____     ☐ Waived by: _____

_____
**(Serving Sheriff's Signature & Date)**

Instructions to Private Process:

1. This Summons is effective for service only if served within 60 days after the date issued. If it is not served within the 60 days, the plaintiff must send a written request to have it renewed.

2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.

3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126.

4. If this summons is served by private process, process server shall file a separate affidavit as required by Rule 2-126(a).

## CIRCUIT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY

| | |
|---|---|
| **JOE JOHNSON**<br>POST OFFICE BOX 441572<br>FORT WASHINGTON, MD 20749<br><br>    Plaintiff,<br><br>Vs.<br><br>**THINK COMPUTER CORPORATION,**<br>d/b/a PLAINSITE<br>SERVE: AARON JACOB GREENSPAN, Resident Agent<br>340 S LEMON AVE #6720<br>WALNUT, CA 91789<br><br>    Defendant. | §§§§§§§§§§§§§§ Civil No. CAL22-21998 |

### ORIGINAL COMPLAINT AND JURY DEMAND

COMES NOW, the Plaintiff, Joe Johnson, and represents to the Court that:

### JURISDICTION

1. This Court has jurisdiction over the matters alleged herein as the acts and omission given rise to this Complaint occurred in Prince George's County.

### PARTIES

2. Plaintiff was a resident of Prince George's County in Fort Washington, Maryland.

3. Defendant, Think Computer Corporation, d/b/a PlainSite ("Think Computer") is a Delaware Limited Liability Company with its principal place of business in the State of California, and engaged in the business of software development including collecting, assembling, publishing, and distributing public information.

## COUNT I
### (Invasion of Privacy by Intrusion upon Seclusion)

5. Beginning on or around June 5, 2022, and continuing thereafter, the Defendant, its representatives, employees and/or agents intruded, physically or otherwise, upon the Plaintiff's solitude and seclusion by negligently and/or intentionally disclosing and disseminating, or causing to be disclosed and disseminated, Plaintiff's personal identifying to the entire world, including, the Plaintiff's entire name, address, telephone number, email address and other personal identifying information by publishing such information to the public and making it accessible and obtainable by the entire world for the sole purpose of annoying, abusing and harassing the Plaintiff.

6. Defendant, its representatives, employees and/or agents intentionally caused harm to the Plaintiff's emotional well-being by engaging in highly offensive conduct in the course of dealing with the Plaintiff that would be very offensive to any reasonable person in that position.

7. Plaintiff had a reasonable expectation of privacy in his solitude, seclusion and/or private concerns or affairs. Plaintiff has been injured and has suffered actual damages and loses, has sustained, and will sustain in the future actual damages and loses as a result of the invasion of his privacy by the Defendant, including, loss of interest in privacy, deprivation of his seclusion, emotional distress, loss of sleep, loss of enjoyment of life, humiliation, and embarrassment, financial loses, fraud, identity theft, other losses, and damages to be proven at trial.

## COUNT II
### (Unjust Enrichment)

8. Plaintiff repeat each and every allegation contained in the preceding paragraphs as if set forth at length herein.

9. At all times relevant, the Defendant was engaged in the business of collecting, assembling, publishing, and distributing public information and earned a profit for doing so.

10. Defendant has retained the benefit of substantial profit and revenue during the course of collecting, assembling, publishing, distributing, and dissemination of the Plaintiff's personal identifying information, which is rightfully the property of the Plaintiff.

11. Plaintiff's personal identifying information has been used by the Defendant without the Plaintiff's knowledge or consent, and as a result of the Defendant's actions, it has been unjustly conferred a benefit at the expense of the Plaintiff.

12. As a result of such unjust enrichment, Plaintiff is entitled to damages in an amount to be determined at trial, plus interest, costs, and fees.

**COUNT III**
(Violation of Maryland Consumer Protection Act)

13. Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

14. At all times relevant, Defendant possessed and controlled personal identifying information pertaining to the Plaintiff, and pursuant to and in accordance with the Maryland Consumer Protection Act ("MCPA") (hereinafter, "the Act"), the Defendant was prohibited from disclosing any personal information relating to consumers, including, the Plaintiff.

15. At all times further relevant, Defendant was under a statutory duty imposed by the Act to protect the Plaintiff's personal information from improper disclosure to, including, but not limited to, third parties, and was otherwise prohibited from disclosing sensitive personal information entrusted to it by its customers or consumers, including the Plaintiff.

16. On or about June 5, 2022, Plaintiff discovered that the Defendant, its representatives, employees and/or agents in a negligent and careless manner disclosed or caused to be disclosed the Plaintiff's personal identifying including his name, address, telephone number, email address and other personal identifying information to the entire world by publishing and

3

making such personal identifying information accessible by the entire world without the Plaintiff's knowledge or consent, in violation of section 14-3501 of the Maryland Commercial Code.

17.   Defendant breached its duty by failing to take precaution to prevent the Plaintiff's personal information from being improperly disclosed, and the breach proximately caused the Plaintiff's personal information to be stolen and misused to obtain goods, services and/or credit in his name. Plaintiff has sustained emotional distress, loss of sleep, loss of enjoyment of life, embarrassment, humiliation, other losses, and damages to be proven at trial.

## COUNT IV
(Violation of the Maryland Personal Information Protection Act,
And Unfair and Deceptive Trade Practice)

18.   Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

19.   At all times relevant, Defendant was a "business" as that term is defined by Maryland Commercial Law Code §14-3501(b)(1) because it is either a sole proprietorship, partnership, corporation, or business entity organized to operate at a profit.

20.   At all times further relevant, the Defendant possessed personal identifying information pertaining to the Plaintiff.

21.   Pursuant to the Maryland Personal Information Protection Act ("MPIPA"), all businesses that have personal information of Maryland residents must comply with the information security, document disposal and data breach protections of the MPIPA.

22.   Moreover, a business that owns or licenses personal information of a Maryland resident must implement and maintain security procedures and practices to protect personal information from unauthorized access, use, modification, or disclosure.

23. Further, businesses that own or license personal information of Maryland residents must conduct a reasonable and prompt investigation of any breach of the security of a system to determine the likelihood that personal information has been or will be misused as a result of any breach.

24. In accordance with the MPIPA, if such businesses determine that misuse of an individual's personal information has occurred or is reasonably likely to occur as a result of the breach, the MPIPA requires that the businesses notify the individual about the breach.

25. A violation of the MPIPA is an unfair or deceptive trade practice under the Maryland Consumer Protection Act (the "MCPA"), and any person who violates any provision of the MCPA is liable to the person affected by the violation for all damages proximately caused by the violation including reasonable attorney fees.

26. On or about June 5, 2022, and continuing thereafter, Defendant violated the MPIPA in that the Defendant published the Plaintiff's "personal information" as that term is defined by MDPIPA by negligently, deliberately and/or intentionally disclosing Plaintiff's full name, address, telephone number, email address and other personal identifying information, and making such personal information available and accessible to the entire world by failing to redact the information as required and without notifying the Plaintiff of such breach or disclosure.

27. As a direct result of the Defendant's conduct, Plaintiff's personal information was stolen and misused to obtain goods, services, and/or credit in his name. Plaintiff has sustained damages in the form of loss of privacy, fraud, identity theft, emotional distress, loss of sleep, loss of enjoyment of life, embarrassment, humiliation, other losses, and damages to be proven at trial. This conduct of the Defendants constitutes an unfair and deceptive trade practice under the MCPA and entitles the Plaintiff to recover damages and reasonable attorney fees.

## COUNT V
### (Negligence)

28. Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

29. At all times relevant, Defendant possessed and controlled personal identifying information about the Plaintiff and, as such, the Defendant owed the Plaintiff a duty of care to protect his personal information from being compromised by improper disclosure to unauthorized third parties and to prevent the Plaintiff from being exposed to financial losses, including, but not limited to, fraud and identity theft.

30. Beginning on or about June 5, 2022, and continuing thereafter, the Defendant breached its duty of care to the Plaintiff by carelessly, deliberately and/or intentionally failing to redact the Plaintiff's personal information and disclosing said information including the Plaintiff's name, address, telephone number, email address and other personal identifying information to the entire world by publishing, disseminating and making such information available to, accessible, reviewable and obtainable by the entire world without the Plaintiff's knowledge or consent.

31. As a result, Plaintiff's personal information was stolen and misused to obtain goods, services and/or credit in his name.

## COUNT VI
### (Intentional Infliction of Emotional Distress)

32. Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

33. Defendant engaged in unfair and deceptive trade practices and violated Maryland privacy laws by knowingly, willfully, and intentionally publishing the Plaintiff's personal information to the entire world for the sole purpose of exposing the Plaintiff to identity theft.

34. Defendant knew or should have known that it was obligated by Maryland law to protect the privacy of the Plaintiff's personal information and to prevent it from being disclosed to third parties including to certain parties not permitted by law to obtain such information.

35. Defendant acted with actual malice when it deliberately and intentionally published Plaintiff's name, address, telephone number, email address and other personal information without redaction and making such private and confidential information available to the entire world without the Plaintiff's knowledge or consent.

36. Defendant continued to publish the Plaintiff's personal information and making it accessible to the entire world even after Plaintiff put the Defendant on notice to cease and desist.

37. This unlawful conduct was perpetrated by the agents, servants, and employees of Defendant and within the scope of their employment. Defendant is responsible for all of the acts committed by its agents, servants, and employees within the scope of their employment.

38. All of the Defendant's conduct described in the preceding paragraphs were extreme and outrageous and was done intentionally, recklessly, with malice and in deliberate disregard of a high degree of probability that emotional distress would result to the Plaintiff.

39. Defendant knew that its conduct was unlawful and that it would or could cause and inflict emotional distress upon the Plaintiff.

40. Defendant's conduct was malicious, willful, deliberate, and intentional and was done for the sole purpose of inflicting severe emotional distress upon the Plaintiff.

41. As a result, Plaintiff has suffered loss of sleep, headaches, severe mental pain, depression, anxiety, and worriation and will continue to suffer severe and extreme emotional distress, loss of sleep, headaches, severe mental pain, depression, anxiety and worriation as a result of the Defendants' conduct.

**WHEREFORE**, Plaintiff prays that this Court will:

a) Enter judgment in his favor and against the Defendant on all of his claims in an amount that does not exceed $25,000, as and for compensatory damages plus;

b) An award of general and special damages in an amount to be determined at trial for Defendant's wrongful acts;

c) An award of punitive damages in an amount to be determined at trial for Defendant's reprehensible and outrageous conduct, and to deter Defendant's future reprehensible and outrageous conduct;

d) An award of costs and reasonable attorney fees incurred in this action; and

e) For such further and other relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on each and every issue in this action.

Respectfully submitted,

June 8, 2022

*Joe Johnson*
Joe Johnson
Post Office Box 441572
Fort Washington, MD  20749