# Exhibit D

## IN THE CIRCUIT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY

| | |
|---|---|
| **JOE JOHNSON** | § |
| | § |
| Plaintiff, | § |
| | § |
| Vs. | § Civil No. CAL22-21998 |
| | § |
| **THINK COMPUTER CORPORATION,** | § |
| d/b/a PLAINSITE | § |
| | § |
| Defendant. | § |

### FIRST AMENDED COMPLAINT AND JURY DEMAND

Plaintiff, Joe Johnson, pursuant to Rule 2-341(a) of the Maryland Rules of Civil Procedure,

files this First Amended Complaint and Jury Demand and represents to the Court that:

### JURISDICTION

1.     This Court has jurisdiction over the matters alleged herein as the acts and omission

given rise to this Complaint occurred in Prince George's County.

### PARTIES

2.     Plaintiff was a resident of Prince George's County in Fort Washington, Maryland.

3.     Defendant, Think Computer Corporation, d/b/a PlainSite ("Think Computer") is a

Delaware Limited Liability Company with its principal place of business in the State of California,

and engaged in the business of software development including collecting, assembling, publishing,

and distributing public information.

## COUNT I
### (Invasion of Privacy by Intrusion upon Seclusion)

4.      Beginning on or around June 5, 2022, and continuing thereafter, the Defendant, its representatives, employees and/or agents intruded, physically or otherwise, upon the Plaintiff's solitude and seclusion by negligently and/or intentionally disclosing and disseminating, or causing to be disclosed and disseminated, Plaintiff's personal identifying information to the entire world, including, the Plaintiff's entire name, address, telephone number, email address and other personal identifying information by publishing such information to the public and making it accessible and obtainable by the entire world for the sole purpose of annoying, abusing and harassing the Plaintiff.

5.      Defendant, its representatives, employees and/or agents intentionally caused harm to the Plaintiff's emotional well-being by engaging in highly offensive conduct in the course of dealing with the Plaintiff that would be very offensive to any reasonable person in that position.

6.      Plaintiff had a reasonable expectation of privacy in his solitude, seclusion and/or private concerns or affairs. Plaintiff has been injured and has suffered actual damages and loses, has sustained, and will sustain in the future actual damages and loses as a result of the invasion of his privacy by the Defendant, including, loss of interest in privacy, deprivation of his seclusion, emotional distress, loss of sleep, loss of enjoyment of life, humiliation, and embarrassment, financial loses, fraud, identity theft, other losses, and damages to be proven at trial.

## COUNT II
### (Unjust Enrichment)

7.      Plaintiff repeat each and every allegation contained in the preceding paragraphs as if set forth at length herein.

8.      At all times relevant, the Defendant was engaged in the business of collecting, assembling, publishing, and distributing public information and earned a profit for doing so.

9.     Defendant has retained the benefit of substantial profit and revenue during the course of collecting, assembling, publishing, distributing, and dissemination of the Plaintiff's personal identifying information, which is rightfully the property of the Plaintiff.

10.     Plaintiff's personal identifying information has been used by the Defendant without the Plaintiff's knowledge or consent, and as a result of the Defendant's actions, it has been unjustly conferred a benefit at the expense of the Plaintiff.

11.     As a result of such unjust enrichment, Plaintiff is entitled to damages in an amount to be determined at trial, plus interest, costs, and fees.

**COUNT III**
**(Violation of Maryland Consumer Protection Act)**

12.     Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

13.     At all times relevant, Defendant possessed and controlled personal identifying information pertaining to the Plaintiff, and pursuant to and in accordance with the Maryland Consumer Protection Act ("MCPA") (hereinafter, "the Act"), the Defendant was prohibited from disclosing any personal information relating to consumers, including, the Plaintiff.

14.     At all times further relevant, Defendant was under a statutory duty imposed by the Act to protect the Plaintiff's personal information from improper disclosure to, including, but not limited to, third parties, and was otherwise prohibited from disclosing sensitive personal information entrusted to it by its customers or consumers, including the Plaintiff.

15.     On or about June 5, 2022, Plaintiff discovered that the Defendant, its representatives, employees and/or agents in a negligent and careless manner disclosed or caused to be disclosed the Plaintiff's personal identifying information including his name, address, telephone number, email address and other personal identifying information to the entire world by

3

publishing and making such personal identifying information accessible by the entire world without the Plaintiff's knowledge or consent, in violation of section 14-3501 of the Maryland Commercial Code.

16.     Defendant breached its duty by failing to take precaution to prevent the Plaintiff's personal information from being improperly disclosed, and the breach proximately caused the Plaintiff's personal information to be stolen and misused to obtain goods, services and/or credit in his name. Plaintiff has sustained emotional distress, loss of sleep, loss of enjoyment of life, embarrassment, humiliation, other losses, and damages to be proven at trial.

**COUNT IV**
(Violation of the Maryland Personal Information Protection Act,
And Unfair and Deceptive Trade Practice)

17.     Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

18.     At all times relevant, Defendant was a "business" as that term is defined by Maryland Commercial Law Code §14-3501(b)(1) because it is either a sole proprietorship, partnership, corporation, or business entity organized to operate at a profit.

19.     At all times further relevant, the Defendant possessed personal identifying information pertaining to the Plaintiff.

20.     Pursuant to the Maryland Personal Information Protection Act ("MPIPA"), all businesses that have personal information of Maryland residents must comply with the information security, document disposal and data breach protections of the MPIPA.

21.     Moreover, a business that owns or licenses personal information of a Maryland resident must implement and maintain security procedures and practices to protect personal information from unauthorized access, use, modification, or disclosure.

22.     Further, businesses that own or license personal information of Maryland residents must conduct a reasonable and prompt investigation of any breach of the security of a system to determine the likelihood that personal information has been or will be misused as a result of any breach.

23.     In accordance with the MPIPA, if such businesses determine that misuse of an individual's personal information has occurred or is reasonably likely to occur as a result of the breach, the MPIPA requires that the businesses notify the individual about the breach.

24.     A violation of the MPIPA is an unfair or deceptive trade practice under the Maryland Consumer Protection Act (the "MCPA"), and any person who violates any provision of the MCPA is liable to the person affected by the violation for all damages proximately caused by the violation including reasonable attorney fees.

25.     On or about June 5, 2022, and continuing thereafter, Defendant violated the MPIPA in that the Defendant published the Plaintiff's "personal information" as that term is defined by MDPIPA by negligently, deliberately and/or intentionally disclosing Plaintiff's full name, address, telephone number, email address and other personal identifying information, and making such personal information available and accessible to the entire world by failing to redact the information as required and without notifying the Plaintiff of such breach or disclosure.

26.     As a direct result of the Defendant's conduct, Plaintiff's personal information was stolen and misused to obtain goods, services, and/or credit in his name. Plaintiff has sustained damages in the form of loss of privacy, fraud, identity theft, emotional distress, loss of sleep, loss of enjoyment of life, embarrassment, humiliation, other losses, and damages to be proven at trial. This conduct of the Defendant constitutes an unfair and deceptive trade practice under the MCPA and entitles the Plaintiff to recover damages and reasonable attorney fees.

## COUNT V
### (Negligence)

27.     Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

28.     At all times relevant, Defendant possessed and controlled personal identifying information about the Plaintiff and, as such, the Defendant owed the Plaintiff a duty of care to protect his personal information from being compromised by improper disclosure to unauthorized third parties and to prevent the Plaintiff from being exposed to financial losses, including, but not limited to, fraud and identity theft.

29.     Beginning on or about June 5, 2022, and continuing thereafter, the Defendant breached its duty of care to the Plaintiff by carelessly, deliberately and/or intentionally failing to redact the Plaintiff's personal information and disclosing said information including the Plaintiff's name, address, telephone number, email address and other personal identifying information to the entire world by publishing, disseminating and making such information available to, accessible, reviewable and obtainable by the entire world without the Plaintiff's knowledge or consent.

30.     As a result, Plaintiff's personal information was stolen and misused to obtain goods, services and/or credit in his name.

## COUNT VI
### (Defamation)

31.     Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

32.     Sometime on or about September 9, 2022, Defendant, Think Computer through its agents, servants, and employees, made, published, and uttered an unprivileged statement of fact in an email to third parties to the effect that the Plaintiff was a "vexatious litigant". Defendant also published these statements on a website that it owns and controls at www.plainsite.org.

6

33.     Defendant, Think Computer's statements that Plaintiff was a "vexatious litigant" are untrue and defamatory in that it falsely accused the Plaintiff with or imputed to him with engaging in improper conduct in litigation. Plaintiff has never engaged in any improper conduct in litigation, nor has he ever maintained or defended any proceeding in bad faith or without substantial justification, and the Defendant knew or should have known that their statements were false and conducted no investigation concerning the truth or veracity of the defamatory statements.

34.     Defendant, Think Computer made the false statements with the sole intent of harassing and injuring the Plaintiff, his reputation and exposing the Plaintiff to public scorn, hatred, contempt, and/or ridicule and to impugn the Plaintiff as engaging in improper litigation conduct.

35.     Defendant, Think Computer's false and defamatory statements were direct attacks on the Plaintiff's character and/or standing, and the Defendant knew or should have known of the falsity of the statements or made them with reckless disregard of the truth.

36.     The defendant's defamatory statements were made deliberately and intentionally, with malice and with reckless disregard of whether they were false or not. The defendant knew that their statements would harm the Plaintiff, and in fact, it did harm the Plaintiff.

37.     The defendant's defamatory statements were made publicly and were intended to be made public and to third parties for purpose of harassing the Plaintiff in his pursuit of legal claims against the Defendant in this litigation.

38.     As a result of the false and defamatory statements published by Defendant, Think Computer to third parties, the character and reputation of the Plaintiff has been harmed. Plaintiff has suffered and continues to suffer public embarrassment and humiliation.

## COUNT VII
### (Libel)

39.     Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

40.     Some time on or around September 9, 2022, Defendant, Think Computer through its agents, servants, and employees, published untrue statements of fact about the Plaintiff. The defendant published these untrue statements of fact knowing full well that they were false and with reckless disregard of their truth. The defendant's publication was intentional, deliberate and was done with actual malice for the sole purpose of harassing and inflicting injury upon the Plaintiff.

41.     As a result of the Defendant's intentional actions, the Plaintiff has been injured including the significant damage to his good character and reputation.

## COUNT VIII
### (Retaliation)

42.     Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

43.     On or about September 9, 2022, after the Plaintiff had initiated this civil action, Defendant, Think Computer through its agents, servants, and employees sent emails to third parties falsely accusing the Plaintiff as being a "vexatious litigant", and then began publishing the same false statements on a website that it owns and controls at www.plainsite.org.

44.     Plaintiff engaged in protected activity by initiating this civil lawsuit against the Defendant, and in response, Defendant took materially adverse action by sending emails to third parties and publishing on websites falsely accusing the Plaintiff as being a "vexatious litigant". Defendant engaged in this improper conduct for purpose of harassing and retaliating against the Plaintiff for filing this lawsuit.

45.     As a result of the Defendant's conduct, Plaintiff has sustained damages, including, damages to his reputation, and has suffered loss of sleep, headaches, severe mental pain, depression, anxiety, and worriation and will continue to suffer severe and extreme emotional distress, loss of sleep, headaches, severe mental pain, depression, anxiety and worriation and has suffered other compensable damages to be proven at trial as a result of the Defendant's conduct.

**COUNT IX**
(Violation of Maryland Commercial Law)

46.     Pleading further and in the alternative, Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

47.     At all times relevant herein, Plaintiff was a "consumer" within the meaning of section 14-1201(a)(2)(e)(1) of the Md. Comm. Law in that he is an individual.

48.     At all times further relevant herein, Defendant, Think Computer qualified as a "Consumer Reporting Agency" ("CRA") under section14-1201(f)(1) of the Md. Comm. Law in that the Defendant, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating other information on consumers for the purpose of furnishing or reselling consumer reports to third parties, and who uses the facility of commerce for the purpose of preparing or furnishing consumer reports by and through a website controlled and operated by the Defendant commonly known as www.plainsite.org.

49.     At all times relevant herein, Defendant, Think Computer has continuously reported or caused to be reported and/or compiled and assembled false, inaccurate, and obsolete criminal history information purporting to relate to the Plaintiff (hereafter the "inaccurate information"). Pursuant to section 14-1203(a)(5) of the Code of Maryland "…, no consumer reporting agency may make any consumer report containing any records of arrest, indictment, or conviction of crime, including, suits and judgments which, antedate the report by more than seven years.

50.     Beginning on or about September 9, 2022, and continuing thereafter, Defendant, Think Computer made, prepared, assembled and disclosed reports to third parties on the website known as www.plainsite.org that contained false, inaccurate and obsolete information pertaining to criminal history information, including, suits and judgments that the Defendant has claimed to be attributable to the Plaintiff, whose disposition date was more than seven years from the date that the Defendant made, prepared, and assembled the information.

51.     This false, inaccurate, and obsolete criminal history information, including the suits and judgments, antedate the September 9, 2022 data that is contained on the website known as www.plainsite.org that the Defendant made, prepared, assembled and provides to the third parties by more than twenty-two years from the date of disposition of the criminal history information, suit and judgment, in violation of Section 14-1203(a)(5) of the Code of Maryland.

52.     Defendant has continued to publish, report, and disseminate or cause to be published, reported, or disseminated such false, inaccurate, and obsolete information to third parties, persons and entities through the website known as www.plainsite.org.

53.     Defendant, Think Computer has deliberately, willfully, intentionally, recklessly, and negligently failed to perform reasonable investigations of the information as required by law, has failed to remove the false, inaccurate and obsolete information and has continued to report or cause to be reported the false, inaccurate and obsolete information about the Plaintiff through the website known as www.plainsite.org that the Defendant know or should have known to be false, inaccurate and obsolete. Plaintiff has been damaged, and continues to be damaged, and has sustained emotional distress and mental anguish caused by the fact that the Defendant assembled and compile, and transmitted and caused to be transmitted false, inaccurate, and obsolete information about the Plaintiff to other people through the website, both known and unknown;

10

54.     At all times pertinent hereto, the Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

55.     At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard of the Maryland law with the sole intent to injure or cause harm to the Plaintiff.

56.     The conduct of the Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to the Plaintiff that are outlined more fully above and, as a result, the Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law, including, but not limited to, for (a) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; (b) any actual damages sustained by the consumer as a result of the failure; (c) such amount of punitive damages as the court may allow; (d) the costs of the action together with reasonable attorney's fees as determined by the court; (e) an order directing that the Defendant immediately delete or cause to be deleted all of the inaccurate and obsolete information from the website www.plainsite.org and cease assembling and compiling false and obsolete information about the Plaintiff; and (f) other relief as the Court may find necessary and appropriate.

## COUNT X
(Injunction)

57.     Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

58.     Plaintiff seeks a temporary restraining order, and preliminary and permanent injunction, pursuant to Maryland Rules 15-501 through 15-505.

59.     At all times relevant, Defendant was a "business" as that term is defined by Maryland Commercial Law Code §14-3501(b)(1) because it is either a sole proprietorship, partnership, corporation, or business entity organized to operate at a profit. At all times further relevant, the Defendant possessed personal identifying information pertaining to the Plaintiff.

60.     Beginning on or about June 5, 2022, and continuing thereafter, Defendant has violated the MPIPA in that the Defendant continues to publish Plaintiff's "personal information", including, his full name, address, telephone number, email address and other personal information on a website known as www.plainsite.org, and continues to make such personal information available and accessible to the entire world. Moreover, beginning on or about September 9, 2022, and continuing thereafter, Defendant through its agents, servants, and employees, has published, and uttered unprivileged statement of fact to third parties on a website controlled by the defendant at www.plainsite.org to the effect that the Plaintiff is a "vexatious litigant" for the sole purpose and with the specific intent of defaming and harassing the Plaintiff. Defendant further continues to make, prepare, assemble, compile, and provide obsolete data that it has contributed to the Plaintiff that contain records of arrest, indictment, or conviction of crime, suit and judgment which, from date of disposition, release, or parole, or date of entry, antedate the data uploaded to the website by more than seven years, in violation of Section 14-1203(a)(5) of the Code of Maryland

61.     Plaintiff respectfully requests that the Court enjoin the Defendant from violating the MPIPA by ceasing publication of Plaintiff's "personal information", including, his full name, address, telephone number, email address and other personal information on a website known as www.plainsite.org and enjoin the Defendant from publishing and uttering unprivileged false statements of fact to third parties on the website www.plainsite.org to the effect that Plaintiff is a "vexatious litigant", and enjoin defendant from otherwise defaming and harassing the Plaintiff.

62.     Plaintiff further requests that the Court enjoin the Defendant from continuing to violate section 14-1203(a)(5) of the Code of Maryland by ceasing and desisting making, preparing, assembling, compiling, and providing obsolete data that it has contributed to the Plaintiff on the website known as www.plainsite.org that contain records of arrest, indictment, or conviction of crime, suits and judgment which, from date of disposition, release, or parole, or from date of entry, antedate the data uploaded to the website by more than seven years.

63.     Without the entry of a temporary restraining order, Plaintiff will suffer immediate, substantial, and irreparable harm. Plaintiff is likely to succeed on the merits, will be irreparably harmed if the injunction is not granted and the "balance of convenience" favors the grant of the Plaintiff's motion and the injunction is in the public interest. Plaintiff respectfully request that any bond be waived pursuant to Maryland Rule 15-503(b).

### COUNT XI
### (Intentional Infliction of Emotional Distress)

64.     Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

65.     Defendant engaged in unfair and deceptive trade practices and violated Maryland privacy laws by knowingly, willfully, and intentionally publishing the Plaintiff's personal information to the entire world for the sole purpose of exposing the Plaintiff to identity theft.

66.     Defendant knew or should have known that it was obligated by Maryland law to protect the privacy of the Plaintiff's personal information and to prevent it from being disclosed to third parties including to certain parties not permitted by law to obtain such information.

67.     Defendant continues to harass the Plaintiff by publishing on a website false and defamatory statements about the Plaintiff and falsely accusing him as being a "vexatious litigant", and has continued to do so in retaliation for the Plaintiff suing the defendant in this action.

68.     Defendant has deliberately and intentionally assembled, compiled, and disclosed to third parties false, inaccurate and/or obsolete information pertaining to criminal history information including suits that the Defendant has attributed to the Plaintiff through its website.

69.     Defendant acted, and continues to act with actual malice when it deliberately and intentionally published the Plaintiff's name, address, telephone number, email address and other personal information without redaction and making such private and confidential information available to the entire world without the Plaintiff's knowledge or consent.

70.     Defendant continues to publish the Plaintiff's personal information and making it accessible to the entire world even after Plaintiff put the Defendant on notice to cease and desist. This unlawful and harassing conduct was perpetrated by the agents, servants, and employees of the Defendant within the scope of their employment, and the Defendant is responsible for all of the acts committed by its agents, servants, and employees within the scope of their employment.

71.     All of the Defendant's conduct described in the preceding paragraphs were extreme and outrageous and was done intentionally, recklessly, with malice and in deliberate disregard of a high degree of probability that emotional distress would result to the Plaintiff.

72.     Defendant knew that its conduct was unlawful and harassing, and that it would or could cause and inflict emotional distress upon the Plaintiff. Defendant's conduct was malicious, willful, deliberate, and intentional and was done for the sole purpose of inflicting severe emotional distress upon the Plaintiff.

73.     As a result, Plaintiff has suffered loss of sleep, headaches, severe mental pain, depression, anxiety, and worriation and will continue to suffer severe and extreme emotional distress, loss of sleep, headaches, severe mental pain, depression, anxiety and worriation as a result of the Defendant's conduct.

**WHEREFORE**, Plaintiff prays that this Court will:

a)      Enter judgment in his favor and against the Defendant on all of his claims in an amount in excess of $75,000, as and for compensatory and punitive damages plus;

b)      An award of general and special damages in an amount to be determined at trial for Defendant's wrongful acts;

c)      An award of punitive damages in an amount to be determined at trial for Defendant's reprehensible and outrageous conduct, and to deter Defendant's future reprehensible and outrageous conduct;

d)      An award of costs and reasonable attorney fees incurred in this action; and

e)      For such further and other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on each and every issue in this action.

Respectfully submitted,

September 26, 2022

*Joe Johnson*
Joe Johnson
Post Office Box 441572
Fort Washington, MD   20749

IN THE CIRCUIT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY

Style Definition: Hyperlink

JOE JOHNSON                                          §
~~POST OFFICE BOX 441572~~                           §
~~FORT WASHINGTON, MD  20749~~                       §
                                                     §
        Plaintiff,                                   §
                                                     §
Vs.                                                  § Civil No. CAL22-21998
                                                     § **COMPARISON COPY**
THINK COMPUTER CORPORATION,                          §
d/b/a PLAINSITE                                      §
~~SERVE: AARON JACOB GREENSPAN, Resident Agent~~     §
~~340 S LEMON AVE #6720~~                            §
~~WALNUT, CA 91789~~                                 §
                                                     §
        ~~Defendant~~.                               §

~~ORIGINAL~~FIRST AMENDED COMPLAINT AND JURY DEMAND

~~COMES NOW, the~~ Plaintiff, Joe Johnson, pursuant to Rule 2-341(a) of the Maryland

Rules of Civil Procedure, files this First Amended Complaint and Jury Demand and represents to

the Court that:

## JURISDICTION

1.      This Court has jurisdiction over the matters alleged herein as the acts and omission

given rise to this Complaint occurred in Prince George's County.

## PARTIES

2.      Plaintiff was a resident of Prince George's County in Fort Washington, Maryland.

3.      Defendant, Think Computer Corporation, d/b/a PlainSite ("Think Computer") is a

Delaware Limited Liability Company with its principal place of business in the State of California,

and engaged in the business of software development including collecting, assembling, publishing,

and distributing public information.

**COUNT I**
<u>(Invasion of Privacy by Intrusion upon Seclusion)</u>

5.4.     Beginning on or around June 5, 2022, and continuing thereafter, the Defendant, its representatives, employees and/or agents intruded, physically or otherwise, upon the Plaintiff's solitude and seclusion by negligently and/or intentionally disclosing and disseminating, or causing to be disclosed and disseminated, Plaintiff's personal identifying <u>information</u> to the entire world, including, the Plaintiff's entire name, address, telephone number, email address and other personal identifying information by publishing such information to the public and making it accessible and obtainable by the entire world for the sole purpose of annoying, abusing and harassing the Plaintiff.

6.5.     Defendant, its representatives, employees and/or agents intentionally caused harm to the Plaintiff's emotional well-being by engaging in highly offensive conduct in the course of dealing with the Plaintiff that would be very offensive to any reasonable person in that position.

7.6.     Plaintiff had a reasonable expectation of privacy in his solitude, seclusion and/or private concerns or affairs. Plaintiff has been injured and has suffered actual damages and loses, has sustained, and will sustain in the future actual damages and loses as a result of the invasion of his privacy by the Defendant, including, loss of interest in privacy, deprivation of his seclusion, emotional distress, loss of sleep, loss of enjoyment of life, humiliation, and embarrassment, financial loses, fraud, identity theft, other losses, and damages to be proven at trial.

**COUNT II**
<u>(Unjust Enrichment)</u>

8.7.     Plaintiff repeat each and every allegation contained in the preceding paragraphs as if set forth at length herein.

9.8.     At all times relevant, the Defendant was engaged in the business of collecting, assembling, publishing, and distributing public information and earned a profit for doing so.

2

10.9.   Defendant has retained the benefit of substantial profit and revenue during the course of collecting, assembling, publishing, distributing, and dissemination of the Plaintiff's personal identifying information, which is rightfully the property of the Plaintiff.

11.10.  Plaintiff's personal identifying information has been used by the Defendant without the Plaintiff's knowledge or consent, and as a result of the Defendant's actions, it has been unjustly conferred a benefit at the expense of the Plaintiff.

12.11.  As a result of such unjust enrichment, Plaintiff is entitled to damages in an amount to be determined at trial, plus interest, costs, and fees.

## COUNT III
### (Violation of Maryland Consumer Protection Act)

13.12.  Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

14.13.  At all times relevant, Defendant possessed and controlled personal identifying information pertaining to the Plaintiff, and pursuant to and in accordance with the Maryland Consumer Protection Act ("MCPA") (hereinafter, "the Act"), the Defendant was prohibited from disclosing any personal information relating to consumers, including, the Plaintiff.

15.14.  At all times further relevant, Defendant was under a statutory duty imposed by the Act to protect the Plaintiff's personal information from improper disclosure to, including, but not limited to, third parties, and was otherwise prohibited from disclosing sensitive personal information entrusted to it by its customers or consumers, including the Plaintiff.

16.15.  On or about June 5, 2022, Plaintiff discovered that the Defendant, its representatives, employees and/or agents in a negligent and careless manner disclosed or caused to be disclosed the Plaintiff's personal identifying information including his name, address, telephone number, email address and other personal identifying information to the entire world by

3

publishing and making such personal identifying information accessible by the entire world without the Plaintiff's knowledge or consent, in violation of section 14-3501 of the Maryland Commercial Code.

~~17.~~16.  Defendant breached its duty by failing to take precaution to prevent the Plaintiff's personal information from being improperly disclosed, and the breach proximately caused the Plaintiff's personal information to be stolen and misused to obtain goods, services and/or credit in his name. Plaintiff has sustained emotional distress, loss of sleep, loss of enjoyment of life, embarrassment, humiliation, other losses, and damages to be proven at trial.

**COUNT IV**
(Violation of the Maryland Personal Information Protection Act,
And Unfair and Deceptive Trade Practice)

~~18.~~17.  Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

~~19.~~18.  At all times relevant, Defendant was a "business" as that term is defined by Maryland Commercial Law Code §14-3501(b)(1) because it is either a sole proprietorship, partnership, corporation, or business entity organized to operate at a profit.

~~20.~~19.  At all times further relevant, the Defendant possessed personal identifying information pertaining to the Plaintiff.

~~21.~~20.  Pursuant to the Maryland Personal Information Protection Act ("MPIPA"), all businesses that have personal information of Maryland residents must comply with the information security, document disposal and data breach protections of the MPIPA.

~~22.~~21.  Moreover, a business that owns or licenses personal information of a Maryland resident must implement and maintain security procedures and practices to protect personal information from unauthorized access, use, modification, or disclosure.

4

23.22.  Further, businesses that own or license personal information of Maryland residents must conduct a reasonable and prompt investigation of any breach of the security of a system to determine the likelihood that personal information has been or will be misused as a result of any breach.

24.23.  In accordance with the MPIPA, if such businesses determine that misuse of an individual's personal information has occurred or is reasonably likely to occur as a result of the breach, the MPIPA requires that the businesses notify the individual about the breach.

25.24.  A violation of the MPIPA is an unfair or deceptive trade practice under the Maryland Consumer Protection Act (the "MCPA"), and any person who violates any provision of the MCPA is liable to the person affected by the violation for all damages proximately caused by the violation including reasonable attorney fees.

26.25.  On or about June 5, 2022, and continuing thereafter, Defendant violated the MPIPA in that the Defendant published the Plaintiff's "personal information" as that term is defined by MDPIPA by negligently, deliberately and/or intentionally disclosing Plaintiff's full name, address, telephone number, email address and other personal identifying information, and making such personal information available and accessible to the entire world by failing to redact the information as required and without notifying the Plaintiff of such breach or disclosure.

27.26.  As a direct result of the Defendant's conduct, Plaintiff's personal information was stolen and misused to obtain goods, services, and/or credit in his name. Plaintiff has sustained damages in the form of loss of privacy, fraud, identity theft, emotional distress, loss of sleep, loss of enjoyment of life, embarrassment, humiliation, other losses, and damages to be proven at trial. This conduct of the Defendants constitutes an unfair and deceptive trade practice under the MCPA and entitles the Plaintiff to recover damages and reasonable attorney fees.

5

## COUNT V
### (Negligence)

28. 27.  Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

29. 28.  At all times relevant, Defendant possessed and controlled personal identifying information about the Plaintiff and, as such, the Defendant owed the Plaintiff a duty of care to protect his personal information from being compromised by improper disclosure to unauthorized third parties and to prevent the Plaintiff from being exposed to financial losses, including, but not limited to, fraud and identity theft.

30. 29.  Beginning on or about June 5, 2022, and continuing thereafter, the Defendant breached its duty of care to the Plaintiff by carelessly, deliberately and/or intentionally failing to redact the Plaintiff's personal information and disclosing said information including the Plaintiff's name, address, telephone number, email address and other personal identifying information to the entire world by publishing, disseminating and making such information available to, accessible, reviewable and obtainable by the entire world without the Plaintiff's knowledge or consent.

31. 30.  As a result, Plaintiff's personal information was stolen and misused to obtain goods, services and/or credit in his name.

## COUNT VI
### (Defamation)

31.     Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

32.     Sometime on or about September 9, 2022. Defendant. Think Computer through its agents, servants, and employees. made, published, and uttered an unprivileged statement of fact in an email to third parties to the effect that the Plaintiff was a "vexatious litigant". Defendant also published these statements on a website that it owns and controls at www.plainsite.org.

6

33.    Defendant, Think Computer's statements that Plaintiff was a "vexatious litigant" are untrue and defamatory in that it falsely accused the Plaintiff with or imputed to him with engaging in improper conduct in litigation. Plaintiff has never engaged in any improper conduct in litigation, nor has he ever maintained or defended any proceeding in bad faith or without substantial justification, and the Defendant knew or should have known that their statements were false and conducted no investigation concerning the truth or veracity of the defamatory statements.

34.    Defendant, Think Computer made the false statements with the sole intent of harassing and injuring the Plaintiff, his reputation and exposing the Plaintiff to public scorn, hatred, contempt, and/or ridicule and to impugn the Plaintiff as engaging in improper litigation conduct.

35.    Defendant, Think Computer's false and defamatory statements were direct attacks on the Plaintiff's character and/or standing, and the Defendant knew or should have known of the falsity of the statements or made them with reckless disregard of the truth.

36.    The defendant's defamatory statements were made deliberately and intentionally, with malice and with reckless disregard of whether they were false or not. The defendant knew that their statements would harm the Plaintiff, and in fact, it did harm the Plaintiff.

37.    The defendant's defamatory statements were made publicly and were intended to be made public and to third parties for purpose of harassing the Plaintiff in his pursuit of legal claims against the Defendant in this litigation.

38.    As a result of the false and defamatory statements published by Defendant, Think Computer to third parties, the character and reputation of the Plaintiff has been harmed. Plaintiff has suffered and continues to suffer public embarrassment and humiliation.

7

<u>**COUNT VII**</u>
<u>(Libel)</u>

39.  Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

40.  Some time on or around September 9, 2022, Defendant, Think Computer through its agents, servants, and employees, published untrue statements of fact about the Plaintiff. The defendant published these untrue statements of fact knowing full well that they were false and with reckless disregard of their truth. The defendant's publication was intentional, deliberate and was done with actual malice for the sole purpose of harassing and inflicting injury upon the Plaintiff.

41.  As a result of the Defendant's intentional actions, the Plaintiff has been injured including the significant damage to his good character and reputation.

<u>**COUNT VIII**</u>
<u>(Retaliation)</u>

42.  Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

43.  On or about September 9, 2022, after the Plaintiff had initiated this civil action, Defendant, Think Computer through its agents, servants, and employees sent emails to third parties falsely accusing the Plaintiff as being a "vexatious litigant", and then began publishing the same false statements on a website that it owns and controls at www.plainsite.org.

44.  Plaintiff engaged in protected activity by initiating this civil lawsuit against the Defendant, and in response, Defendant took materially adverse action by sending emails to third parties and publishing on websites falsely accusing the Plaintiff as being a "vexatious litigant". Defendant engaged in this improper conduct for purpose of harassing and retaliating against the Plaintiff for filing this lawsuit.

45.     As a result of the Defendant's conduct, Plaintiff has sustained damages, including, damages to his reputation, and has suffered loss of sleep, headaches, severe mental pain, depression, anxiety, and worriation and will continue to suffer severe and extreme emotional distress, loss of sleep, headaches, severe mental pain, depression, anxiety and worriation and has suffered other compensable damages to be proven at trial as a result of the Defendant's conduct.

**COUNT IX**
(Violation of Maryland Commercial Law)

46.     Pleading further and in the alternative, Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

47.     At all times relevant herein, Plaintiff was a "consumer" within the meaning of section 14-1201(a)(2)(e)(1) of the Md. Comm. Law in that he is an individual.

48.     At all times further relevant herein, Defendant, Think Computer qualified as a "Consumer Reporting Agency" ("CRA") under section14-1201(f)(1) of the Md. Comm. Law in that the Defendant, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating other information on consumers for the purpose of furnishing or reselling consumer reports to third parties, and who uses the facility of commerce for the purpose of preparing or furnishing consumer reports by and through a website controlled and operated by the Defendant commonly known as www.plainsite.org.

49.     At all times relevant herein, Defendant, Think Computer has continuously reported or caused to be reported and/or compiled and assembled false, inaccurate, and obsolete criminal history information purporting to relate to the Plaintiff (hereafter the "inaccurate information"). Pursuant to section 14-1203(a)(5) of the Code of Maryland "…. no consumer reporting agency may make any consumer report containing any records of arrest, indictment, or conviction of crime, including, suits and judgments which, antedate the report by more than seven years.

9

50.   Beginning on or about September 9, 2022, and continuing thereafter, Defendant, Think Computer made, prepared, assembled and disclosed reports to third parties on the website known as www.plainsite.org that contained false, inaccurate and obsolete information pertaining to criminal history information, including, suits and judgments that the Defendant has claimed to be attributable to the Plaintiff, whose disposition date was more than seven years from the date that the Defendant made, prepared, and assembled the information.

51.   This false, inaccurate, and obsolete criminal history information, including the suits and judgments, antedate the September 9, 2022 data that is contained on the website known as www.plainsite.org that the Defendant made, prepared, assembled and provides to the third parties by more than twenty-two years from the date of disposition of the criminal history information, suit and judgment, in violation of Section 14-1203(a)(5) of the Code of Maryland.

52.   Defendant has continued to publish, report, and disseminate or cause to be published, reported, or disseminated such false, inaccurate, and obsolete information to third parties, persons and entities through the website known as www.plainsite.org.

53.   Defendant, Think Computer has deliberately, willfully, intentionally, recklessly, and negligently failed to perform reasonable investigations of the information as required by law, has failed to remove the false, inaccurate and obsolete information and has continued to report or cause to be reported the false, inaccurate and obsolete information about the Plaintiff through the website known as www.plainsite.org that the Defendant know or should have known to be false, inaccurate and obsolete. Plaintiff has been damaged, and continues to be damaged, and has sustained emotional distress and mental anguish caused by the fact that the Defendant assembled and compile, and transmitted and caused to be transmitted false, inaccurate, and obsolete information about the Plaintiff to other people through the website, both known and unknown;

10

54.   At all times pertinent hereto, the Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

55.   At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard of the Maryland law with the sole intent to injure or cause harm to the Plaintiff.

56.   The conduct of the Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to the Plaintiff that are outlined more fully above and, as a result, the Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law, including, but not limited to, for (a) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; (b) any actual damages sustained by the consumer as a result of the failure; (c) such amount of punitive damages as the court may allow; (d) the costs of the action together with reasonable attorney's fees as determined by the court; (e) an order directing that the Defendant immediately delete or cause to be deleted all of the inaccurate and obsolete information from the website www.plainsite.org and cease assembling and compiling false and obsolete information about the Plaintiff; and (f) other relief as the Court may find necessary and appropriate.

## COUNT X
### (Injunction)

57.   Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

58.   Plaintiff seeks a temporary restraining order, and preliminary and permanent injunction, pursuant to Maryland Rules 15-501 through 15-505.

11

59.     At all times relevant, Defendant was a "business" as that term is defined by Maryland Commercial Law Code §14-3501(b)(1) because it is either a sole proprietorship, partnership, corporation, or business entity organized to operate at a profit. At all times further relevant, the Defendant possessed personal identifying information pertaining to the Plaintiff.

60.     Beginning on or about June 5, 2022, and continuing thereafter, Defendant has violated the MPIPA in that the Defendant continues to publish Plaintiff's "personal information", including, his full name, address, telephone number, email address and other personal information on a website known as www.plainsite.org, and continues to make such personal information available and accessible to the entire world. Moreover, beginning on or about September 9, 2022, and continuing thereafter, Defendant through its agents, servants, and employees, has published, and uttered unprivileged statement of fact to third parties on a website controlled by the defendant at www.plainsite.org to the effect that the Plaintiff is a "vexatious litigant" for the sole purpose and with the specific intent of defaming and harassing the Plaintiff. Defendant further continues to make, prepare, assemble, compile, and provide obsolete data that it has contributed to the Plaintiff that contain records of arrest, indictment, or conviction of crime, suit and judgment which, from date of disposition, release, or parole, or date of entry, antedate the data uploaded to the website by more than seven years, in violation of Section 14-1203(a)(5) of the Code of Maryland

61.     Plaintiff respectfully requests that the Court enjoin the Defendant from violating the MPIPA by ceasing publication of Plaintiff's "personal information", including, his full name, address, telephone number, email address and other personal information on a website known as www.plainsite.org and enjoin the Defendant from publishing and uttering unprivileged false statements of fact to third parties on the website www.plainsite.org to the effect that Plaintiff is a "vexatious litigant", and enjoin defendant from otherwise defaming and harassing the Plaintiff.

62.     Plaintiff further requests that the Court enjoin the Defendant from continuing to violate section 14-1203(a)(5) of the Code of Maryland by ceasing and desisting making, preparing, assembling, compiling, and providing obsolete data that it has contributed to the Plaintiff on the website known as www.plainsite.org that contain records of arrest, indictment, or conviction of crime, suits and judgment which, from date of disposition, release, or parole, or from date of entry, antedate the data uploaded to the website by more than seven years.

63.     Without the entry of a temporary restraining order, Plaintiff will suffer immediate, substantial, and irreparable harm. Plaintiff is likely to succeed on the merits, will be irreparably harmed if the injunction is not granted and the "balance of convenience" favors the grant of the Plaintiff's motion and the injunction is in the public interest. Plaintiff respectfully request that any bond be waived pursuant to Maryland Rule 15-503(b).

**COUNT XI**
**(Intentional Infliction of Emotional Distress)**

32.64.  Plaintiff repeats each and every factual allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

33.65.  Defendant engaged in unfair and deceptive trade practices and violated Maryland privacy laws by knowingly, willfully, and intentionally publishing the Plaintiff's personal information to the entire world for the sole purpose of exposing the Plaintiff to identity theft.

34.66.  Defendant knew or should have known that it was obligated by Maryland law to protect the privacy of the Plaintiff's personal information and to prevent it from being disclosed to third parties including to certain parties not permitted by law to obtain such information.

67.     Defendant continues to harass the Plaintiff by publishing on a website false and defamatory statements about the Plaintiff and falsely accusing him as being a "vexatious litigant", and has continued to do so in retaliation for the Plaintiff suing the defendant in this action.

68.   Defendant has deliberately and intentionally assembled, compiled, and disclosed to third parties false, inaccurate and/or obsolete information pertaining to criminal history information including suits that the Defendant has attributed to the Plaintiff through its website.

35.69.  Defendant acted, and continues to act with actual malice when it deliberately and intentionally published the Plaintiff's name, address, telephone number, email address and other personal information without redaction and making such private and confidential information available to the entire world without the Plaintiff's knowledge or consent.

36.    Defendant continueds to publish the Plaintiff's personal information and making it accessible to the entire world even after Plaintiff put the Defendant on notice to cease and desist.

37.70.   This unlawful and harassing conduct was perpetrated by the agents, servants, and employees of the Defendant and within the scope of their employment., and the Defendant is responsible for all of the acts committed by its agents, servants, and employees within the scope of their employment.

38.71.  All of the Defendant's conduct described in the preceding paragraphs were extreme and outrageous and was done intentionally, recklessly, with malice and in deliberate disregard of a high degree of probability that emotional distress would result to the Plaintiff.

39.72.  Defendant knew that its conduct was unlawful and harassing, and that it would or could cause and inflict emotional distress upon the Plaintiff. Defendant's conduct was malicious, willful, deliberate, and intentional and was done for the sole purpose of inflicting severe emotional distress upon the Plaintiff.

40.    Defendant's conduct was malicious, willful, deliberate, and intentional and was done for the sole purpose of inflicting severe emotional distress upon the Plaintiff.

14

41. 73. As a result, Plaintiff has suffered loss of sleep, headaches, severe mental pain, depression, anxiety, and worriation and will continue to suffer severe and extreme emotional distress, loss of sleep, headaches, severe mental pain, depression, anxiety and worriation as a result of the Defendants's conduct.

**WHEREFORE**, Plaintiff prays that this Court will:

a)      Enter judgment in his favor and against the Defendant on all of his claims in an amount that does not exceed $25 in excess of $75,000, as and for compensatory and punitive damages plus;

b)      An award of general and special damages in an amount to be determined at trial for Defendant's wrongful acts;

c)      An award of punitive damages in an amount to be determined at trial for Defendant's reprehensible and outrageous conduct, and to deter Defendant's future reprehensible and outrageous conduct;

d)      An award of costs and reasonable attorney fees incurred in this action; and

e)      For such further and other relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on each and every issue in this action.

Respectfully submitted,

June 8 September 26, 2022

Joe Johnson
Post Office Box 441572
Fort Washington, MD   20749

15