**PUBLIC CITIZEN LITIGATION GROUP**

1600 20TH STREET, N.W.
WASHINGTON, D.C. 20009-1001

(202) 588-1000

October 7, 2022

Honorable Theodore Chuang
United States District Court
6500 Cherrywood Lane
Greenbelt, Maryland 20770

                Re:    *Johnson v. Think Computer Corporation d/b/a PlainSite*
                        No. 8:22-cv-02422-TDC

Dear Judge Chuang:

    Pursuant to your standing order, defendant Think Computer Corporation d/b/a PlainSite (hereafter, "PlainSite") gives notice that it intends to move for consolidation of this case with newly filed Case No. 8:22-cv-02573-TDC, and for other related relief, as follows:

    1. This case came before the Court on a removal submitted to the Court by Aaron Greenspan, the owner of defendant PlainSite. DN 1. Plaintiff Joe Johnson moved to remand on the ground that Greenspan is not the defendant and could not remove, and also could not remove on behalf of the company because he is not an attorney; Johnson also argues that the case does not meet the statutory amount in controversy requirement. DN 10.

    2. On September 28, PlainSite filed an amended notice of removal. DN 6. Johnson has submitted a notice of intention to move to strike that amended notice, citing a nonprecedential Fourth Circuit decision that, according to Johnson, stands for the proposition that a defective notice of removal cannot be amended. DN 12, citing *Saxon Fibers v. Wood*, 118 Fed. Appx. 750 (2005). That issue is set for consideration at a case management conference on October 20, 2022.

    3. PlainSite does not agree with Johnson's contentions about *Saxon Fibers*, and is prepared to explain why at the case management conference. However, it should not be necessary for the Court to untangle that procedural web, because, in an effort to simplify the issues, PlainSite has now filed a new notice of removal, docketed as Case No. 8:22-cv-02573-TDC, which has been assigned to your Honor as a related case. PlainSite wishes to move to consolidate the two cases.

    4. In addition, PlainSite's co-counsel Mr. Levy has been admitted pro hac vice in this case. Although the Clerk's Office appears to be treating undersigned counsel Mr. Levy as counsel pro hac vice in Case No. 8:22-cv-02573-TDC as well, PlainSite wishes to move the Court to formalize that designation. If, however, the Court deems it appropriate for a new pro hac vice motion to be filed in Case No. 8:22-cv-02573-TDC, PlainSite would proceed in that manner.

    5. In addition, PlainSite wishes to move to strike amended complaints that Johnson

Premotion Letter in Case No. 8:22-cv-02422-TDC
October 7, 2022
page 2

purported to file in the state court. Johnson sent two amendments to his complaint to the state court. The First Amended Complaint, filed on September 26, added several new claims and increased the amount of damages sought; the next day, on September 27, the Second Amended Complaint purported to decrease slightly the amount of damages sought with the apparent objective of defeating removal. The Circuit Court accepted those complaints for filing. (PlainSite has not received the amended complaints in the mail; so far as it knows, Johnson has not attempted service.) However, the Maryland Rules of Civil Procedure forbid the filing of papers without a certificate of service, Rule 1-323, and under Maryland law, the failure to file a certificate of service can result in the paper being retroactively deemed "not filed." *Lovero v. Da Silva*, 28 A.3d 43, 52 (Md. Ct. Spec. App. 2011) (when clerk erroneously accepted a notice of appeal for filing despite the absence of a certificate of service, that paper should be deemed not filed, and the appeal consequently had to be dismissed for lack of jurisdiction). Moreover, 28 U.S.C. § 1446(d) forbids further proceedings in state court once a notice of removal has been filed.

6. If those complaints are properly before the Court, that will affect the parties' arguments at the October 20 case management conference about the amount in controversy. However, if the complaints are not subject to being stricken pursuant to the motion defendant seeks leave to file, defendant would wish to move to dismiss the amended complaints. Defendant is prepared to submit a pre-motion notice summarizing its arguments for dismissal of the counts newly added in the amended complaints, but does not wish to burden the Court with weighing those issues in a case management context unless the complaints are properly before the Court. Defendant requests the Court's guidance about whether a pre-motion letter requesting leave to move to dismiss the amended complaints would be appropriate at this time.

                                                      Respectfully yours,

                                                      /s/ Paul Alan Levy
                                                      Paul Alan Levy
                                                      Oliver Edwards

cc: Mr. Joe Johnson