October 7, 2022

The Honorable Theodore D. Chuang
United States District Court Judge
United States District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, MD 20070

RE:     *Joe Johnson v. Think Computer Corporation*, Case No. 8:22-cv-02573-TDC

Dear Judge Chuang:

The undersigned respectfully requests a *pre*-motion conference to discuss the filing of a Motion to dismiss for lack of jurisdiction the above newly filed Notice of Removal purportedly filed on behalf of Think Computer Corporation October 6, 2022.

As noted in an earlier filing and request for *pre*-motion conference in case no. 8:22-cv-02422, the Notice of Removal in that case was filed by an individual who was not a named Defendant in the State court action, Aaron Greenspan, and he thus had no standing to remove the action from the State Court; rendering the initial pleading that he filed in that case a nullity and it therefore could not confer removal jurisdiction (Docs. 11, 12). Despite this jurisdictional defect in removal, on September 28, 2022, defendant, Think Computer Corporation, filed an Amended Notice of Removal purporting to amend the Notice of Removal that it plainly did not file. (Doc. 6). Thereafter, on September 29, 2022, the undersigned requested a *pre*-motion conference to discuss filing a Motion to strike and to remand in that the removal was a nullity, and any amendment likewise failed – in that the Court never had proper jurisdiction over the removal and any amendment too was a nullity, and therefore, Think Computer Corporation had no basis for which to amend it under either 28 U.S.C. §1653, or Rule 15 of the Federal Rules of Civil Procedure. (Doc. 12). On October 4, 2022, the court scheduled a *pre*-motion conference for October 20, 2022. Apparently agreeing with the undersigned's position, on October 6, 2022, defendant, Think Computer Corporation, in an attempt to savage removal, purportedly filed an entirely new Notice of Removal in the above referenced case.

It is the undersigned's contention however that this newly filed Notice of Removal fails for lack of removal jurisdiction in that at the time the filing occurred, there was no case "pending" in the State court for which this Notice of Removal could form the basis of removal jurisdiction under 28 U.S.C. §1441(a).

Specifically, 28 U.S.C. §1441(a) provides that "any action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is *pending*." 28 U.S.C. §1441(a) (emphasis added). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." (emphasis). 28 U.S.C. §1447(c). *See also Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235, 1244 (2006) (all federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party").

"[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortgage Company*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). Doubts about the propriety of removal are resolved in favor of remanding the case to state court. *Barbour v. Int'l, Union,* 640 F.3d 599, 617 (4th Cir. 2011) (*en banc*) (abrogated in part on other grounds by Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112–63, 125 Stat. 758 (Dec. 7, 2011)); *see also Cohn v. Charles,* 857 F.Supp.2d 544, 547 (D. Md. 2012) ("Doubts about the propriety of removal are to be resolved in favor of remanding the case to state court.").

"Generally, there is 'no jurisdiction to remove closed cases" because if a case is closed, 'no case or controversy exists.'" *US Bank. N.A. v. Polanco*, 2013 WL 12096360, at *1 (S.D. Fla. April 24, 2013) (citation omitted), report and recommendation adopted by, 2013 WL 12095595 (S.D. Fla. May 23, 2013); and s*ee Jones v. CitiMortgage, Inc.*, 666 Fed. Appx. 766, 770 n.4 (11th Cir. 2016) (noting that because the district court determined that the case removed to federal court "had been closed when the notice of removal was filed," the case was remanded to state court); *see also*, *Georgia Dep't of Human Resources v. Jenkins*, 2013 WL 325620, at *1 (S.D. Ga. January 28, 2013) (dismissing the case removed to federal court "because the federal courts have no jurisdiction over this matter" and "because of Defendant's improper attempt to remove to federal court a state court case that was definitively closed").

"Indeed, 28 U.S.C. §1441 only authorizes the removal of cases that are 'pending' in state court at the time the notice of removal is filed." *Polanco*, 2013 WL 12096360, at * 1 (citations omitted); *Foster v. KNTV Television, Inc.*, 2009 WL 4675988, at * 1 (N D. Cal. December 9, 2009) (denying the plaintiffs motion to reconsider entry of judgment for the defendants entered due to fact the plaintiffs attempted removal of a closed case from superior court was not authorized by §1441; the federal court lacked jurisdiction over a closed case — no case or controversy exists).

Here, the circuit court case that Defendant, Think Computer Corporation sought to remove to this court on October 6, 2022, was closed by the circuit court on October 4, 2022 as a result of the Notice of Removal filed by Greenspan on September 23, 2022 in case no. 8:22-cv-02422. Thus, no case was "pending" on October 6, 2022, for the Defendant to remove to federal court. In fact, the civil docket of the circuit court case reflects that the case was "closed" on October 4, 2022, two days before the filing of the new Notice of Removal in the above case. Thus, there plainly was no case "pending" and therefore, no jurisdiction to remove the closed case. For these reasons, federal removal jurisdiction does not exist over the newly filed Notice of Removal and the action should be dismissed pursuant to 28 U.S.C. §1447(c) for lack of federal removal jurisdiction.

Therefore, the undersigned requests a *pre*-motion conference to consider this issue. Also, while dismissal is entirely proper on this basis alone; however, the undersigned reserves the right to assert any other applicable basis for dismissal in the motion.

Sincerely,

*Joe Johnson*
Joe Johnson

Cc:     Oliver Edwards, Esq.