IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOE JOHNSON

**Plaintiff,**

v.

THINK COMPUTER CORPORATION

**Defendant.**

Case No. 8:22-cv-02573-TDC

## MOTION FOR ADMISSION PRO HAC VICE

I, Oliver Lee Edwards, am a member in good standing of the bar of this Court. I am moving the admission of Paul Alan Levy to appear pro hac vice in this case as counsel for THINK COMPUTER CORPORATION.

We certify that:

1. The proposed admittee is not a member of the Maryland bar and does not maintain any law office in Maryland

2. The proposed admittee is a member in good standing of the bars of the following State Courts and/or United States Courts:

| State Court & Date of Admission | U.S. Court & Date of Admission |
|---|---|
| District of Columbia Court of Appeals, 3/147/1978 | U.S. District Court for the Eastern District of Michigan, 1977 |
| Court of Appeals State of New York Bar, 1/16/1984 | U.S. District Court for the District of Columbia, 5/1/1978 |
| | U.S. District Court for the Southern District of New York, 2011 |
| | **(see continuation page)** |

3. During the twelve months immediately preceding this motion, the proposed admittee has been admitted pro hac vice in this Court  1  time(s).

4. The proposed admittee has never been disbarred, suspended, or denied admission to practice law in any jurisdiction. (NOTE: If the proposed admittee has been disbarred, suspended, or denied admission to practice law in any jurisdiction, then he/she must submit a statement fully explaining all relevant facts.) Except as noted on continuation pages.

5. The proposed admittee is familiar with the Maryland Attorneys' Rules of Professional Conduct, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Federal Rules of Appellate Procedure, and the Local Rules of this Court, and understands he/she shall be subject to the disciplinary jurisdiction of this Court.

6. The proposed admittee understands admission pro hac vice is for this case only and does not constitute formal admission to the bar of this Court.

7. Either the undersigned movant or **n/a** is also a member of the bar of this Court in good standing, and will serve as co-counsel in these proceedings.

8. **The $100.00 fee for admission pro hac vice accompanies this motion.**

9. We hereby certify under penalties of perjury that the foregoing statements are true and correct.

| MOVANT | PROPOSED ADMITTEE |
|---|---|
| /s/ | *(signed)* |
| Signature | Signature |
| **Oliver Lee Edwards, #17006** | **Paul Alan Levy** |
| Printed name and bar number | Printed name |
| **Law Office of Oliver Edwards LLC** | **Public Citizen Litigation Group** |
| Office name | Office name |
| 9919 Rogart Rd, Silver Spring, MD 20901 | 1600 20th Street NW, Washington, D.C. 20009 |
| Address | Address |
| **301-841-8050** | **(202) 588-7725** |
| Telephone number | Telephone number |
| **301-273-1020** | **(202) 588-7795** |
| Fax Number | Fax Number |
| **oliver@edwardslaw.pro** | **plevy@citizen.org** |
| Email Address | Email Address |

## CONTINUATION PAGES FOR MOTION FOR ADMISSION PRO HAC VICE

2.      The proposed admittee is a member in good standing of the bars of the following State Courts and United States Courts (continued from page 1):

| Court | Date of admission | Bar No. |
|---|---|---|
| U.S. Court of Appeals for the District of Columbia Circuit | 1980 | |
| U.S. Court of Appeals for the First Circuit | 1991 | |
| U.S. Court of Appeals for the Second Circuit | 1983 | |
| U.S. Court of Appeals for the Third Circuit | 1980 | |
| U.S. Court of Appeals for the Fourth Circuit | 1981 | |
| U.S. Court of Appeals for the Fifth Circuit | 1990 | |
| U.S. Court of Appeals for the Sixth Circuit | 1986 | |
| U.S. Court of Appeals for the Seventh Circuit | 1985 | |
| U.S. Court of Appeals for the Eighth Circuit | 1985 | |
| U.S. Court of Appeals for the Ninth Circuit | 1984 | |
| U.S. Court of Appeals for the Tenth Circuit | 1985 | |
| U.S. Court of Appeals for the Eleventh Circuit | 1986 | |
| Supreme Court of the United States | 1980 | |

4.      The proposed admittee has never been disbarred, suspended, or denied admission to practice law in any jurisdiction except as described below.

        a.      Mr. Levy was admitted to the Michigan Bar in 1977, applying there because, when he took the bar exam, he was clerking for a judge in Detroit. Mr. Levy maintained that membership for many years after moving to the District of Columbia following his judicial clerkship, but took inactive status, which at the time meant there was no dues requirement. Unbeknownst to Mr. Levy, the Michigan Supreme Court ruled that inactive members would have to pay dues; Mr. Levy's Michigan license was eventually suspended for

non-payment of those dues. When Mr. Levy learned of this change, he resigned from the Michigan Bar.

        b.     Mr. Levy was admitted to the U.S. District Court for the District of Maryland in early 1978 because Hon. R. Dorsey Watkins, before whom Mr. Levy appeared in a TRO hearing at the outset of *Brink v DaLesio*, 667 F.2d 420 (4th Cir. 1981), in January of that year, made clear that he preferred lawyers to be fully admitted to this Court's bar rather than being admitted pro hac vice. Many years later, the Court imposed a requirement of periodic fees. Mr. Levy received no notice of that rule and was suspended for nonpayment. When Mr. Levy learned of the new rule, he resigned from that bar.