November 21, 2022

The Honorable Theodore D. Chuang
United States District Court Judge
United States District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, MD 20070

RE:   *Joe Johnson v. Think Computer Corporation*, Case No. 8:22-cv-02573-TDC

Dear Judge Chuang:

     Pursuant to the Case Management Order entered in the above captioned matter, the undersigned respectfully invite the Court's attention to the recent docket of the Circuit Court for Prince George's County, that reflects the filing of the notice of removal in the above matter, which further supports the pending motion to strike amended notice of removal and to remand (**ECF No**. 18, 18-1, at p. 13-16). More recently, the Circuit Court for Prince George's County entered on the docket the notice of removal that Defendant Think Computer Corporation ("Defendant") filed in that Court on October 7, 2022.[1]

     On September 6, 2022, Defendant was served with the summons and complaint by certified mail, and even though Greenspan improperly removed the action *on behalf of himself* by falsely touting himself as a defendant in Case No. 8:22-cv-02422-TDC; however, on October 6, 2022, the Defendant filed this new notice of removal (**ECF No**. 1) even though there was no pending action in the Circuit Court when it filed this new notice of removal. Defendant had thirty-days from September 6, 2022 to complete removal. Yet, filing a notice of removal in this Court is not sufficient in itself to complete the removal of a case from state to federal court: section 1446(d) requires a removing defendant to serve notice on its adversaries and to "file a copy of the notice with the clerk of such State court, which shall effect the removal." So, although Defendant timely filed its Notice of Removal in this Court within thirty-days of being served with state-court process, Notice of Removal ¶6, and immediately served a copy of the Notice of Removal on the undersigned, removal was not effected until and unless the Defendant "[p]romptly . . . file[d] a copy of the notice with the clerk of such State court" as required by §1446(d). Defendant did not complete the removal within the thirty-day window because the Circuit Court did not receive its new notice of removal until October 7, 2022, one day too late – as reflected on the state-court docket.

     Therefore, even if there was a case still pending in the Circuit Court when the Defendant filed this new notice of removal in this Court on October 6, 2022; however, remand would still be proper because removal was not completed within the thirty-day removal window.

---

[1] The Court may take judicial notice of the Circuit Court docket entries. "[A] court may properly take judicial notice of matters of public record…" *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015).

Thank you for your consideration.

Sincerely,

*Joe Johnson*
Joe Johnson

Cc:   Oliver Edwards, Esq.
      Paul Alan Levy